IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BEN CAPP, JR, as Trustees of, and on behalf of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, 620 F Street, NW, Suite 700 Washington, DC 20004-1604 (202) 783-3788, <br><br> Plaintiffs, <br><br> v. <br><br> TERRAZZO & RESILIENT FLOORS, INC. 4223 Louisville Street NE Canton, OH 44705, <br><br> Defendant. | Civil Action No._____ |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

### CAUSE OF ACTION

#### Jurisdiction and Venue

1.   This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451. This action arises under the laws of the United States, specifically Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1).

2188368.01

Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2.  The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

### Parties

3.  Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Capp, Jr., all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4.  Defendant, Terrazzo & Resilient Floors, Inc. ("Terrazzo"), is, and at all times hereinafter mentioned was, a business maintaining offices in Ohio and conducting business in Ohio.

5.  Defendant, Terrazzo, is a building and construction industry employer that has employed members of the International Union of Bricklayers and Allied Craftworkers ("Union") or its affiliates.

## Violation Charged

6.  Defendant, Terrazzo, acting by and through its authorized agents or officers, executed a collective bargaining agreement with the Union.

7.  Pursuant to Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), a building and construction industry employer withdraws from a plan if the employer ceases to have an obligation to contribute under the plan and either (i) continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, or (ii) resumes such work within five years after the date on which the obligation to contribute under the plan ceases.

8.  By the notice attached hereto as Exhibit A, the IPF determined that Defendant, Terrazzo, had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b), notified it of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $29,091.00, and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

9.  Pursuant to the notice sent by the IPF, Defendant was obligated to submit $2,129.94 on or before November 8, 2005. Thereafter, Defendant was obligated to pay $2,129.94 per month for 12 additional months, and a final payment of $1,842.51. *See* letters dated September 8, 2005, September 20, 2006, and October 18, 2006, attached hereto as Exhibits A, B, and C.

10. Despite due demand, Defendant, Terrazzo, has not paid its Withdrawal Liability as required. To date, Defendant, Terrazzo, has failed to submit a single payment for Withdrawal Liability to the IPF. Defendant therefore is in default, and the full Withdrawal Liability is due. Section 4219(c)(5) of ERISA, 29 U.S.C. 1399(c)(5).

2188368.01

11. Defendant Terrazzo's failure to make payment as required on its Withdrawal Liability constitutes a default and shall be treated in the same manner as a delinquent contribution under Sections 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1399(c)(5) and 1451(b).

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. For the Withdrawal Liability owed by Defendant, Terrazzo, in the amount of $29,091.00, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2. For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

3. For additional interest or liquidated damages assessed on the overdue Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4. The amount incurred by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

5. Such other legal or equitable relief as this court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: December 21, 2006

By: /s/ Ira R. Mitzner
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Johnisha Matthews, DC Bar No. 492478
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
(202) 420-2200
(202) 420-2201

Attorneys for Plaintiffs

2188368.01

**EXHIBIT A**

Case 1:06-cv-02185-RBW    Document 1    Filed 12/22/2006    Page 6 of 14



# Bricklayers & Trowel Trades International Pension Fund

Suite 750, 1776 Eye Street, Northwest Washington, D.C. 20006
Phone: (202)/638-1996
Fax: (202)/347-7339
http://www.ipfihf.org

September 8, 2005

Terrazzo and Resilient Floors, Inc.
C/O Jeff Kohmann
4223 Louisville Rd. N.E.
Canton, OH 44705

Dear Mr. Kohmann:

The Bricklayers & Trowel Trades International Pension Fund ("IPF") has determined that Terrazzo and Resilient Floors, Inc. has ceased to have an obligation to contribute to the IPF and the firm has continued to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributors were previously required. In accordance with the provisions of the Multiemployer Pension Plan Agreements Act of 1980 ("MPPAA"), we have calculated your Employer Withdrawal Liability ("EWL") to be $29,091.00. The basis for this EWL is contained in the attached report from the IPF Actuary.

Also, in accordance with the MPPAA, the Board of Trustees has adopted a monthly payment schedule for satisfaction of this EWL. Pursuant to this schedule, you are required to pay the IPF $2,129.94 for 13 months plus a final payment of $1,842.51. This payment schedule reflects an amortization of the total EWL over the number of months indicated above.

The first payment must be made within 60 days of the date of this letter. Thereafter, payment must be made no later that the 15th day of the month following the month payment is due (the "Due Date"). If payment is not received by November 8, 2005, you will be subject to interest, liquidated damages, costs and/or attorney's fees, in accordance with the IPF's collection procedures.

Should there be any questions regarding this matter, please contact the Fund office in writing.

Sincerely,

David F. Stupar
Executive Director

cc: Ira R. Mitzner Fund Counsel
Brett J. Trissel BAC Local 6 OH
Robert A. Fozio, NOADC

enclosures

**EXHIBIT B**

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

September 20, 2006

**By Facsimile & U.S. Mail**

Brian C. Layman, Esq.
Zollinger, D'Atri, Gruber, Thomas & Co.
6370 Mt. Pleasant St. N.W.
P.O. Box 2985
North Canton, OH 44720-0985

Re:   Withdrawal Liability of Terrazzo & Resilient Floors, Inc.

Dear Mr. Layman:

On September 8, 2005, David F. Stupar, Executive Director of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), sent Terrazzo & Resilient Floors, Inc. ("Terrazzo") a demand for Employer Withdrawal Liability ("EWL"), along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by the company. The EWL demand indicated that Terrazzo owed EWL in the amount of $29,091.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Terrazzo is required to make interim EWL payments to the IPF reflecting amortization of the total EWL over a number of months. Specifically, Terrazzo is required to pay the IPF $2,129 for 13 months plus a final payment of $1,842.51.

On September 20, 2005, you responded to Mr. Stupar's letter, informing him that Terrazzo ceased to perform work of the type for which the company was previously required to contribute to the IPF. Based on your representation on behalf of Terrazzo, we did not pursue EWL. However, we recently have learned that Terrazzo has been performing (and may previously have performed) covered work in the same geographical location, but not under a collective bargaining agreement. Accordingly, we are giving Terrazzo 14 days from the date of this letter, or until October 3, 2006, to acknowledge the EWL owed by Terrazzo. Should we not hear from you by this date, your client may be deemed in default and the IPF may enforce its rights to the EWL owed plus any other damages recoverable under ERISA and/or the IPF procedures.

If you have any questions, please give me a call.

Washington, DC | New York, NY | Los Angeles, CA

DSMDB.2145869.01

**DICKSTEIN**SHAPIRO LLP

Mr. Layman
Page 2
September 20, 2006

Very truly yours,

*[signature]*

Ira R. Mitzner
(202) 828-2234
mitzneri@dicksteinshapiro.com

IRM/jm

cc:   David F. Stupar, Executive Director, IPF
      Michael Murphy, Director, Revenue Accounting, IPF
      Craig Weir, Editor, IPF

**DICKSTEIN**SHAPIRO LLP

DSMDB.2145869.01

**EXHIBIT C**

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

October 18, 2006

**By Facsimile & U.S. Mail**

John C. Ross, Esq.
Buckingham Doolittle & Burroughs, LLP
4518 Fulton Drive NW
Canton, OH 44718

Re:   Withdrawal Liability of Terrazzo & Resilient Floors, Inc.

On September 8, 2005, David F. Stupar, Executive Director of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), sent Terrazzo & Resilient Floors, Inc. ("Terrazzo") a demand for Employer Withdrawal Liability ("EWL"), along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by this company. The EWL demand indicated that Terrazzo owed EWL in the amount of $29,091.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Terrazzo is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Terrazzo is required to pay the IPF $2,129 for 13 months plus a final payment of $1,842.51.

In addition, the September 8, 2005 demand letter instructed Terrazzo that its first interim EWL payment was required to be made within 60 days of September 8, 2005, or by November 8, 2005. On September 20, 2005, Terrazzo's attorney at the time, Bryan C. Layman, responded to Mr. Stupar's letter, informing him that Terrazzo ceased to perform work of the type for which the company was previously required to contribute to the IPF. Based on his representation on behalf of Terrazzo, we did not pursue EWL.

However, we recently have learned that Terrazzo has been performing (and may previously have performed) covered work in the same geographical location, not under a collective bargaining agreement. On September 20, 2006, we sent Mr. Layman a letter extending Terrazzo 14 days, or until October 3, 2006, to acknowledge the EWL owed by Terrazzo. On October 3, 2006, you contacted us regarding this matter, and informed us that you are currently representing Terrazzo. At this time, we discussed Terrazzo's EWL obligation, but have made no additional progress toward resolving the matter. The IPF has yet to receive an EWL payment from Terrazzo.

Accordingly, Terrazzo is hereby notified that it has 60 days from the date of this letter to make its first interim EWL payment. If Terrazzo does not make this initial payment within 60 days, or on or before December 17, 2006, it will be deemed in default pursuant to 29 U.S.C. §

Washington, DC | New York, NY | Los Angeles, CA

DSMDB.2159544.01

**DICKSTEIN**SHAPIRO LLP

John C. Ross, Esq.
October 18, 2006
Page 2

§ 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF will be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the IPF procedures.

Should you have any questions, please give me a call.

Very truly yours,

Ira R. Mitzner
(202) 828-2234
mitzneri@dicksteinshapiro.com

IRM/jm
cc:   David F. Stupar, Executive Director, IPF
      Michael Murphy, Director, Revenue Accounting
      Craig Weir, Editor, IPF

DSMDB.2159544.01

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

JOHN FLYNN, et al.

## DEFENDANTS

TERRAZZO & RESILIENT FLOORS, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ira R. Mitzner  (202) 785-9700
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW, Washington DC 20037

CASE NUMBER  1:06CV02185

JUDGE: Reggie B. Walton

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 12/22/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)      OR      ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ● K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ERISA - Complaint filed for recovery of Withdrawal Liability - 29 U.S.C. Sections 1451 and 1399

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12-22-06   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.